IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL No. 05-44-1 |
| : | CIVIL ACTION No. 11-5077 |
| v.             : | |
| : | |
| WILLIAM SOSA      : | |
| : | |

**M E M O R A N D U M**

PRATTER, J.                                                                                          NOVEMBER 28, 2011

**INTRODUCTION**

William Sosa was convicted by a jury of being part of a RICO conspiracy, of conspiring to murder in aid of racketeering, of attempted murder in aid of racketeering, of conspiring to distribute 1000 grams or more of heroin within 1000 feet of a school, of conspiring to kidnap, of kidnaping, of conspiracy to maim and of using a firearm during and in relation to violent crimes. Hence, he was convicted of 14 counts of the 26-count indictment that had been returned against him and his 16 co-defendants. The jury verdict was entered on March 15, 2006. Mr. Sosa was sentenced on July 26, 2006 to concurrent sentences of life imprisonment on three of the counts, concurrent 10-year sentences on six counts, a concurrent 36-month sentence on one of the counts, a mandatory consecutive 10-year term on one of the counts and mandatory consecutive 25-year terms for three of the counts. Accordingly, the total term of imprisonment earned by Mr. Sosa was life plus 85 years.

Mr. Sosa appealed both his conviction and his sentence. The Court of Appeals affirmed the conviction and the sentence in a written opinion issued on August 3, 2010.

Mr. Sosa, now pro se, has moved pursuant to 28 U.S.C. §2255 seeking an order to vacate

his sentence because, he claims, he received ineffective assistance of counsel during his trial. Specifically, Mr. Sosa argues that his trial counsel was ineffective because counsel did not call as witnesses two women who had been named in the indictment as among Mr. Sosa's victims. He also claims that his counsel was not effective because counsel did not object to the imposition of consecutive sentences for the Section 924(c) firearms counts, even in the face of the unmitigated fact that each firearm conviction was based on a separate underlying violent crime.

The Court denies Mr. Sosa's motion for the reasons that follow

## DISCUSSION

Mr. Sosa's motion is measured against Supreme Court case law, specifically Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, Mr. Sosa is obliged to prove that his counsel made errors so serious that counsel failed to function as the "counsel guaranteed . . . by the Sixth Amendment." See id. at 687. He must also prove that the professional shortcomings visited actual prejudice upon the movant. To prove prejudice, Mr. Sosa would have to prove that there is some reasonable probability that, but for counsel's unprofessional conduct and errors, the result as to Mr. Sosa would have been different. See id. at 694. Mr. Sosa falls far short of proving either element.

It is, of course, axiomatic that "unsuccessful" is not interchangeable with "ineffective." Even more so, a petitioner hoping to pin his conviction and sentencing on some mistake by his lawyer must prove both the specific mistake and a resulting prejudice caused by the lawyer's mistake. A lawyer is not legally ineffective because he fails to raise a meritless claim. More to the point, an attorney's strategic and tactical choices and his exercise of independent judgment - - all marks of a professional - - enjoy a strong presumption of correctness. United States v.

Martin, 262 Fed. Appx. 392, 395 (3d Cir. 2008) (unpub. op.); Sistrunk v. Vaughn, 96 F. 3d. 666, 670 (3d Cir. 1996) (citing Strickland, 466 U.S. at 689).  Mr. Sosa's arguments are meritless for all of these reasons.

First, Mr. Sosa claims his counsel should have called as trial witnesses two women who apparently were victims of some of Mr. Sosa's most fearsome violence, one who was kidnaped on Mr. Sosa's orders and made to kneel on a mat of rice merely because she did not report to Mr. Sosa's organization and another, younger woman whose tattoo Mr. Sosa allegedly planned to have burned off.  While Mr. Sosa suggests nowhere what these women might have said if put under oath and subjected to cross-examination if called to testify at trial, it is clear that in the absence of their appearance as witnesses Mr. Sosa was not convicted of the counts of the indictment that related to them.  Thus, it is entirely plausible that not calling these witnesses operated to Mr. Sosa's advantage.  In any event, whether counsel's not having called these witnesses amounted to sound trial strategy or merely did not lead to the loss of any useful evidence, counsel's performance could not be characterized as erroneous, prejudicial or ineffective.  See, e.g., McAleese v. Mazurkiewicz, 1 F. 3d. 159, 167-71 (3d Cir. 1993), cert. denied, 510 U.S. 1028 (1993); Lewis v. Mazurkiewicz, 915 F. 2d 106, 113-114 (3d Cir. 1990).

Similarly, Mr. Sosa's claim that his counsel could have and should have objected to the imposition of consecutive sentences for the four 18 U.S.C. §924(c) convictions returned by the jury is without any validity.  Mr. Sosa was charged and convicted of four counts of using and carrying a firearm in furtherance of a violent crime.  Each concerned a separate and distinct incident, occurring on four different dates, involving different people and amounting to four different crimes of violence as well as four different conspiracies.  The fact that Mr. Sosa was

<u>also</u> convicted of being involved in a RICO conspiracy does not somehow wipe out the mandatory sentences for the firearms crimes. There is no legal, factual, logical or policy support for such a result, and Mr. Sosa's claim to that effect merits no further resources.

## CONCLUSION

Because the grounds set forth in Mr. Sosa's 18 U.S.C. §2255 motion to vacate, set aside or correct his sentence are patently without merit, the Court perceives no basis upon which to designate counsel for him or to hold an evidentiary hearing to further consider his arguments. The Motion is denied. An order to that effect accompanies this Memorandum.

BY THE COURT:

  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge