IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| WILLIAM SOSA | : | No. 05-cr-044-1 |

## MEMORANDUM

PRATTER, J.                                                    NOVEMBER _____, 2022

William Sosa filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, requesting

that the Court devise a new sentencing package for his remaining convictions after vacating his

convictions under 18 U.S.C. § 924(c). The Government agrees that, following the Supreme Court's

decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), Mr. Sosa's convictions as to Counts 4,

6, 14, and 20 of his sentence should be vacated. However, the Government argues that there is no

basis for altering the remainder of Mr. Sosa's sentence. For the reasons that follow, the Court finds

that vacatur of Mr. Sosa's convictions for Counts 4, 6, 14, and 20 of his sentence is warranted, and

therefore grants Mr. Sosa's petition in part and denies it in part.

### BACKGROUND

In 2007, Mr. Sosa was indicted on 25 counts of a 26-count indictment. The charges arose

out of Mr. Sosa's position as "Inca," or statewide leader, of the Almighty Latin King and Queen

Nation (ALKQN), a criminal enterprise.

Specifically, Mr. Sosa was engaged in a spate of crimes from late 2003 to mid-2004, always

with other members of the ALKQN and frequently inciting violence against members of his own

organization.  First, in September 2003, Mr. Sosa led a group of Latin Kings to Trenton to raid the

home of and murder someone who had offended his girlfriend. The Trenton police arrived at the

scene, causing the Latin Kings to scatter. These events were the basis of Count 5, conspiracy to

commit murder, and Count 6, using and carrying a firearm during a violent crime, in violation of 18 U.S.C. § 924(c).

In November 2003, Mr. Sosa ordered two members of the Latin Kings to shoot and kill a man who had offended a Latin Queen, or a female member of the organization. Mr. Sosa's cronies shot the victim four times, but the man survived. Mr. Sosa was charged for these criminal activities in Count 3, conspiracy to commit murder, and Count 4, another § 924(c) violation.

In December 2003, Mr. Sosa called for the kidnapping and beating of a rival Latin King. The victim of the beating escaped the basement where he was being held and was taken to a hospital. Although Mr. Sosa ordered members ALKQN to find and kill the escapee, they could not locate him. These events formed the basis of Count 13, conspiracy to commit murder, and Count 14, yet another § 924(c) violation.

Finally, in June 2004, with tensions escalating with another rival Latin King, Mr. Sosa ordered ALKQN members to find and kill a fourth victim. A Latin King attempted to shoot Mr. Sosa's rival in the back at close range, but the victim escaped due to a gun malfunction. Mr. Sosa was charged for these events in Count 18, conspiracy to commit murder, and Count 20, a final § 924(c) violation.

A jury found Mr. Sosa guilty on fourteen counts: conspiracy to participate in the affairs of a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (Count 1); four counts of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Counts 3, 5, 13, and 18); one count of attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count 19); one count of conspiracy to distribute 1,000 grams or more of heroin, in violation of 21 U.S.C. § 846 (Count 7); two counts of kidnapping in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Counts 11 and 17); one count of conspiracy to maim in aid of

2

racketeering, in violation of 18 U.S.C. § 1959(a)(6) (Count 12); and four counts of using and carrying a firearm during a violent crime, in violation of 18 U.S.C. § 924(c) (Counts 4, 6, 14, and 20). Pursuant to the Federal Sentencing Guidelines, the Court found that Mr. Sosa had earned a sentence of life imprisonment plus 85 years. This length of time represented concurrent sentences of life imprisonment on Counts 1, 11, and 17; concurrent ten-year sentences on Counts 3, 5, 7, 13, 18, and 19; and a concurrent three-year sentence on Count 12; plus a mandatory consecutive ten-year sentence on Count 4 and mandatory consecutive 25-year terms for each of Counts 6, 14, and 20 for the § 924(c) offenses.

Mr. Sosa directly appealed, and the Third Circuit Court of Appeals affirmed both Mr. Sosa's conviction and sentence. *United States v. Melendez*, 388 F. App'x 178, 180–81 (3d Cir. 2010). Mr. Sosa later filed a § 2255 motion in this Court, on the grounds of ineffective assistance of counsel, which the Court denied. Mr. Sosa next filed this § 2255 petition *pro se*, challenging his conviction under § 924(c) and the resulting sentences imposed.[1] He argues that the underlying offense of conspiracy to murder in aid of racketeering no longer qualifies as a "crime of violence" for purposes of § 924(c), based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). The Government responded to the petition, acknowledging that in light of the Supreme Court's later decision in *Davis,* Mr. Sosa's convictions under § 924(c) in Counts 4, 6, 14, and 20 are invalid, and the 85-year sentence imposed under those counts should be vacated.[2] *Davis*, 139 S. Ct. at 2336. Accordingly, the motion is ripe for the Court's review.

---

[1]      Following *Davis*, the Third Circuit Court of Appeals authorized hundreds of petitioners, including Mr. Sosa, to pursue *Davis* claims in successive § 2255 motions. *In re Matthews*, 934 F.3d 296, 298 n.2 (3d Cir. 2019). The Government does not dispute the timeliness of Mr. Sosa's present motion.

[2]      As further described below, Mr. Sosa accurately predicted in his 2016 petition that the rationale applied in 2015 in *Johnson*, which led to the Supreme Court's holding that a "residual" clause defining a "violent felony" in 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague, would necessitate the invalidation of a similarly worded clause in § 924(c). In 2019, the Supreme Court in *Davis* did indeed invalidate the residual clause in § 924(c) as unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

## LEGAL STANDARD

Section 2255 allows a prisoner in federal custody to attack his sentence if it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner may only prevail on a § 2255 claim by demonstrating that an error of law was constitutional, jurisdictional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States,* 368 U.S. 424, 428 (1962).

Mr. Sosa filed his § 2255 petition *pro se.* The Court liberally construes *pro se* pleadings and holds them to somewhat "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## DISCUSSION

### I. Conspiracy Offenses Are Not Categorically "Crimes of Violence"

Mr. Sosa argues that his convictions and sentences for using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) should be reduced as a result of the Supreme Court's decision in *Johnson.* He contends that conspiracy to murder in aid of racketeering does not qualify as a predicate "crime of violence" under § 924(c)(3), applying the rationale of *Johnson*, which held a similarly worded "residual" clause defining a violent felony in the Armed Career Criminal Act to be unconstitutionally vague. *Johnson*, 576 U.S. at 597; *see* 18 U.S.C. § 924(e)(2)(B)(ii). Mr. Sosa contends that his § 924(c) convictions, each of which are premised on convictions for conspiracy to murder in aid of racketeering, should therefore be vacated, as should the 85-year sentence imposed for the 924(c) offenses.

4

Section 924(c) applies to "any person who, during and in relation to any crime of violence . . . uses or carries a firearm." 18 U.S.C. § 924(c)(1)(A). The statute defines a "crime of violence" as "an offense that is a felony" and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). After its ruling in *Johnson*, the Supreme Court in *Davis* invalidated subsection (B)—the so-called "residual clause"—of § 924(c) as unconstitutionally vague. 139 S. Ct. at 2336. This means that predicate crimes may only qualify as "crimes of violence" under subsection (A), the "elements" clause. 18 U.S.C. § 924(c)(3)(A).

The Court next considers whether the predicate offenses for Mr. Sosa's § 924(c) convictions qualify as a crime of violence under the "elements" clause. "To determine whether a federal felony may serve as a predicate for a conviction and sentence under the elements clause . . . [courts] must apply a 'categorical approach'" in which "[t]he only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022). Here, the Government concedes that Mr. Sosa's § 924(c) convictions, each with the predicate crime of conspiracy to murder in aid of racketeering, must be vacated in light of the ruling in *Davis* because the predicate conspiracy crimes require that the Government prove an *agreement* with others to commit an act in violation of 18 U.S.C. § 1959(a)(5) and "[s]uch an agreement does not invariably require the actual, attempted, or threatened use of physical force." *United States v. Simms*, 914 F.3d 229, 223–24 (4th Cir. 2019)

(en banc) (holding that conspiracy to commit Hobbs Act robbery does not categorically qualify as a crime of violence).

As a result, Mr. Sosa will be granted relief because his convictions under § 924(c) are invalid pursuant to *Davis*. The Court vacates Mr. Sosa's § 924(c) convictions for Counts 4, 6, 14, and 20 and also vacates his consecutive 85-year sentence for those counts.

## II.  The Court Will Not Reconsider Mr. Sosa's Sentences Pursuant to the Remaining Counts of Conviction

Invoking the sentencing package doctrine, Mr. Sosa urges the Court to exercise its discretion, vacate the entirety of his sentence, and impose a new sentence on Mr. Sosa for the ten counts for which he remains convicted. This the Court declines to do.

When a Court finds that vacatur is warranted, it has several remedial options under § 2255. "[T]he court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); *see, e.g., Andrews v. United States*, 373 U.S. 334, 339 (1963) (finding that § 2255 offers a "flexible remedy"). In the Third Circuit, the "sentencing package doctrine" provides that

> [W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan. When a conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within the applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal.

*United States v. Davis*, 112 F.3d 118, 122 (3d Cir. 1997). On the other hand, where a "vacated count [does] not affect [a petitioner's] total offense level, Guideline range, or sentence, . . . resentencing *de novo* is not required." *United States v. Ciavarella*, 716 F.3d 705, 734 (3d Cir. 2013) ("District courts should resentence *de novo* when an interdependent count of an aggregate sentence is vacated.").

6

Here, Mr. Sosa does not offer any reasons why the § 924(c) counts were so interdependent with the other counts in his sentence as to necessitate resentencing *de novo* or why his remaining sentence is otherwise no longer appropriate. As the Government notes, the Court determined at sentencing in 2007 that Mr. Sosa earned a life sentence as a result of his convictions under Counts 1, 11, and 17. The vacatur of the § 924(c) counts has not resulted from any change in Mr. Sosa's culpability, but rather from the legal requirement that the predicate offenses now be analyzed using the categorical approach. Vacating Counts 4, 6, 14, and 20 and disposing of the related consecutive 85-year sentence will not affect the practical bottom line of Mr. Sosa's life sentence. Plus, other courts in the Third Circuit have found resentencing *de novo* unwarranted where § 924(c) convictions were vacated. *See, e.g.*, *Duka v. United States*, No. 13-cv-3664, 2020 WL 4530035, at *10–11 (D.N.J. Aug. 6, 2020) (holding that, even if § 924(c) convictions were vacated, "the 924(c) convictions would not affect Petitioners' overall sentence of life imprisonment" and so *de novo* sentencing was not necessary); *Clark v. United States*, No. 19-cv-17214, 2021 WL 3561246, at *6–7 (D.N.J. Aug. 12, 2021) (finding it within the Court's discretion to vacate a § 924(c) conviction and five-year consecutive sentence but declining to reconsider the petitioner's other convictions and life sentence).[3]

The Court therefore finds it would not be appropriate to sentence Mr. Sosa anew on each count. Mr. Sosa's convictions and sentences under each count except Counts 4, 6, 14, and 20 will remain undisturbed.

---

[3]   Mr. Sosa cites *Pepper v. United States*, 562 U.S. 476, 507 (2011), to support his argument that this Court has discretion to vacate his entire sentence and construct a new sentencing package. But that case is distinguishable. The Supreme Court held there that when a defendant's sentence was set aside *on appeal*, the district court could support a downward variance from the sentencing guidelines by considering the defendant's *post-sentencing rehabilitation efforts*. *Id.* at 481. Here, Mr. Sosa's sentence is not being set aside at the appellate level. Moreover, he has not offered any evidence of his post-sentencing rehabilitation but merely states that it is within the Court's discretion to reformulate his sentencing package. *See also Clark*, 2021 WL 3561246, at *7.

## III. Hearing

Under § 2255, a petitioner may be entitled to a hearing on his or her motion. 28 U.S.C. § 2255(b). "[T]he question of whether to order a hearing is committed to the sound discretion of the district court." *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). If a petitioner "alleges any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court [is] obliged to follow the statutory mandate to hold an evidentiary hearing." *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005).

No hearing was warranted here. The vacatur of the § 924(c) convictions was unopposed by the Government, and Mr. Sosa's request for resentencing *de novo* conclusively showed that he was not entitled to relief on that issue.

## IV. Certificate of Appealability

When a district court issues a final order denying a § 2255 petition, it must also determine whether a certificate of appealability should issue. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing requires the petitioner to demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000). A certificate will not issue here because reasonable jurists would not debate the Court's denial in part of Mr. Sosa's petition—specifically, the Court's declination to resentence Mr. Sosa *de novo*.

## CONCLUSION

For the reasons discussed above, Mr. Sosa's § 2255 petition will be granted in part and denied in part, and a Certificate of Appealability will not issue.  An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE